Farrokh **FATTAHI**, Plaintiff,

v.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS, Defendant.**

**No. CIV.A.01–1094–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 2, 2002.

Richard E, Gardiner, Fairfax, VA, for Plaintiff.

Mark F=David Maxwell, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter returns to the Court on plaintiff's motion for reconsideration of the Court's Order[1] and Memorandum Opin-

ion,[2] which granted defendant's motion for summary judgment and dismissed plaintiff's claim with prejudice.

Plaintiff's sole claim in the underlying action was that an Alcohol, Tobacco & Firearms' (ATF) employee violated plaintiff's rights under the Privacy Act[3] by disclosing to plaintiff's condominium association that plaintiff had applied for a federal license to sell firearms from his condominium residence. At issue on summary judgment was whether the challenged disclosure was consented to by plaintiff or otherwise authorized by the Act as a "routine use." The Court concluded that, although plaintiff's signed consent did not authorize the challenged disclosure, the disclosure did qualify as a "routine use" of information under the Privacy Act.

### I.

■ The facts are fully set forth in an earlier Memorandum Opinion[4] and need only be summarized briefly here. In essence, plaintiff Farrokh Fattahi applied to the ATF's National Licensing Center for a federal firearms license (FFL). In the course of investigating plaintiff's license application, ATF attempted to determine whether any state or local law would prevent plaintiff from operating a firearms business at the location plaintiff had proposed, which was his condominium residence.[5] An ATF agent contacted the legal

1. *Fattahi v. Bureau of Alcohol, Tobacco & Firearms*, Civ. No. 01–1094–A (E.D.Va. Feb. 26, 2002) (order).

2. *Fattahi v. Bureau of Alcohol, Tobacco & Firearms*, 186 F.Supp.2d 745 (E.D.Va.2002).

3. 5 U.S.C. § 552a.

4. *Fattahi*, 186 F.Supp.2d at 657.

5. The federal firearms licensing statute, *see* 18 U.S.C. § 923 (hereinafter "Federal Licensing Statute"), requires an applicant for a federal firearms license to certify that "the business

to be conducted under the license is not prohibited by State or local law in the place where the licensed premise is located." *Id.* § 923(d)(1)(F)(i). In addition, the applicant must not willfully fail to disclose any material information or make any false statement as to any material fact in connection with his application. *Id.* § 923(d)(1)(D). The ATF's National Licensing Center has the responsibility to investigate and ensure that an applicant for a license is qualified. *See* 27 C.F.R. § 178.47(a). Thus, ATF has a duty to ensure the truthfulness of statements made on an application for a federal firearms license.

counsel for the condominium owners association of plaintiff's residence to inquire whether a firearms dealer could operate out of one of the units in the condominium. The association's counsel responded that some units allowed commercial activities, but residential units generally did not allow such activities in the absence of special permission to do so. The ATF agent then provided the association's counsel with plaintiff's name and unit number and asked whether a firearms dealer could operate out of that specific unit. This action followed.

In his one-count complaint, plaintiff claimed that the agent's disclosure of plaintiff's FFL application to the condominium association's counsel was a violation of the federal Privacy Act, 5 U.S.C. § 552a(g)(1)(D). In response to the complaint, defendant filed a motion to dismiss, or in the alternative for summary judgment. On February 26, 2002, after completion of appropriately focused discovery, the Court issued a Memorandum Opinion and Order granting summary judgment and dismissing the complaint on the ground that the challenged disclosure qualified as a "routine use" permitted by the Privacy Act. Plaintiff now argues in his motion for reconsideration, pursuant to Rules 59(e) and 60(b), Fed.R.Civ.P., that the Court was mistaken in granting summary judgment because the challenged disclosure was not "necessary." In support of his motion, plaintiff contends (i) that the condominium bylaws were not legally binding condominium instruments because they were not properly recorded, and (ii) that condominium bylaws are not the type of "state law" contemplated by the statute that establishes the requirements for obtaining an FFL.

## II.

■ Plaintiff does not specify which of the various grounds available under Rule 60(b) he relies on in support of his motion. None appears applicable.[6] With respect to Rule 59(e), there are three possible grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). Because plaintiff presents neither new law nor new evidence, it appears that plaintiff contends the motion for reconsideration is necessary to correct a clear error of law. Yet, neither of plaintiff's arguments identifies an error of law that meets this stringent standard, and the motion for reconsideration must therefore be denied.

### A.

Plaintiff's first argument is that the condominium bylaws of plaintiff's building were not valid condominium instruments because they were not properly recorded. He claims this made ATF's disclosure of plaintiff's name and unit number unnecessary because ATF needed only to inquire into the validity of the bylaws. Once ATF determined the bylaws were not legally binding, the agent would not have needed to ask whether plaintiff's proposed fire-

---

**6.** *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir.1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue."). The only ground that might have relevance here is that found in 60(b)(6), which is a catch-all provision giving a court broad equitable power to grant relief from judgments "for any other reason." This clause, however, is generally invoked only in "extraordinary circumstances." *See, e.g., Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The instant case does not present the requisite "extraordinary circumstances" to justify relief under the 60(b)(6) standard.

arms business would violate the bylaws. This flawed argument provides no basis for a finding of clear error that would merit reconsideration of the decision to grant summary judgment to ATF.

■ The threshold flaw is that the original condominium bylaws are likely valid. The Virginia Condominium Act [7] is forgiving with respect to the validity of recorded condominium instruments, allowing deficiencies in one instrument to be remedied by other instruments.[8] Here, even assuming the original condominium bylaws were not properly recorded, as plaintiff contends, the record contains a properly recorded 1997 amendment [9] to the condominium bylaws that, by operation of Va.Code § 55–79.51, cures any deficiency in the original bylaws. Indeed, the complete, amended bylaws were recorded in 1997 as an exhibit to the certificate of amendment, thus leaving no doubt that the amended bylaws were properly recorded and hence valid and binding.

■ In any event, even assuming a technical recordation flaw with respect to the condominium bylaws, it was nonetheless reasonable for the agent in the circumstances to assume the bylaws were valid and to inquire whether plaintiff's proposed firearms business would violate their provisions. This is so because condominium bylaws generally are valid and binding legal documents in Virginia, and it would be unreasonable to require an investigating ATF agent in every instance to make a legal determination concerning whether technical recording requirements have been met.[10] Given the reasonableness of this assumption in the instant circumstances, the challenged disclosure was consistent with the purpose of investigating plaintiff's application and was reasonably necessary to that investigation.

■ The effect of plaintiff's motion, although not directly stated, is simply to repeat his argument that the challenged disclosure was not *absolutely* necessary in this case because ATF could have determined that the bylaws were not legally binding without making the challenged disclosure. This "absolute necessity" argument has already been rejected in another guise [11] and its restatement in the guise of alleged invalidity of the bylaws provides no basis for reconsideration of the summary judgment ruling.

*B.*

Plaintiff's second argument is that violations of condominium bylaws are not the

---

7. Va.Code §§ 55–79.39 to 55–79.103.

8. *See* Va.Code § 55–79.51 ("The condominium instruments shall be construed together and shall be deemed to incorporate one another to the extent that any requirement of this chapter as to the content of one shall be deemed satisfied if the deficiency can be cured by reference to any of the others."). Given that the purpose of recording statutes is notice, the statute sensibly makes clear that a properly recorded instrument that refers to a prior instrument can cure deficient notice with respect to the prior instrument.

9. The certificate of amendment was recorded on October 31, 1997, well before Fattahi applied for an FFL to sell firearms from his condominium residence.

10. Such a determination would require an ATF investigator to search the land records for all relevant documents and then make a legal judgment to determine whether the bylaws and other condominium instruments are valid. Plaintiff suggests such a determination would be simple. Yet, this assessment is belied by the fact that experienced counsel in this matter take sharply opposing views on the issue. ATF agents investigating an FFL application should not be tasked with recognizing and resolving subtle and difficult legal issues in order to comply with the Privacy Act.

11. *See Fattahi,* 186 F.Supp.2d at 660.

types of violations of "state law" that should be considered by ATF when making a licensing decision, thus making the challenged disclosure unnecessary. This argument is similarly unconvincing.

■ Plaintiff argues that the Virginia Condominium Act, which mandates compliance with condominium instruments,[12] is not the type of "state law" contemplated by the Federal Licensing Statute[13] because the Virginia Condominium Act creates only a private cause of action for a limited class of plaintiffs, but does not authorize enforcement by government agencies. Plaintiff provides no authority for his position, and his reasoning is limited to his assertion that state statutes are not "state law" unless the government can prosecute a violation of the statute. This argument fails for two reasons.

■ First, the Federal Licensing Statute does not distinguish among various types of state laws with which an FFL applicant must comply. And, plaintiff provides no authority or reason in principle for reading into the statute a distinction between state laws that may be enforced by private parties and those that are enforced by some government agency. Nor does he provide any support for his assertion that laws mandating compliance with condominium instruments are not the type of "state law" to which the Federal Licensing Statute refers. In short, plaintiff's argument for restricting the scope of the Federal Licensing Statute by engrafting onto it a requirement that "state law" re-

fers only to those laws enforced by government agencies is unconvincing, and plaintiff fails to meet the standard for reconsideration on that basis alone.

■ In any event, the motion for reconsideration also fails on this point because plaintiff is incorrect in his conclusion that only private parties may enforce the obligations imposed by condominium instruments. Article 4 of the Virginia Condominium Act creates a "Real Estate Board" to administer the Act. *See* Va.Code § 55–79.86. This Board is authorized to create administrative rules, to administer those rules, and to initiate enforcement proceedings and issue cease and desist orders against any "person" who violates any "provision of this chapter," which includes the provision mandating compliance with condominium instruments. *See* Va. Code §§ 55–79.98, 55–79.100. Because the Real Estate Board has authority to enforce all violations of the Virginia Condominium Act, the private cause of action created by Va.Code § 55–79.53 is in addition to other forms of enforcement, not in lieu of other enforcement. It follows, therefore, that the Virginia Condominium Act is a state law for purposes of the Federal Licensing Statute, even assuming *arguendo* plaintiff's flawed contention that the Federal Licensing Statute is concerned only with compliance with state laws that are enforceable by a government agency. For this reason as well, then, plaintiff has provided no basis for reconsideration of the summary judgment ruling.

---

**12.** The Act provides, in relevant part:

[E]very unit owner ... shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the unit owners' association, or by its executive organ or any

managing agent on behalf of such association, or, in any proper case, by one or more aggrieved unit owners on their own behalf or as a class action.

Va.Code § 55–79.53.

**13.** *See* 18 U.S.C. § 923(d)(1)(F)(i) (requiring an applicant to certify that his business will comport with applicable state and local law); *supra* note 5.

## III.

For all the foregoing reasons, plaintiff's motion for reconsideration must be denied. An appropriate order has issued.