**THE HANOVER INSURANCE COMPANY, Plaintiff,**

v.

**CORRPRO COMPANIES, INC., Defendant.**

No. 2:03CV882.

United States District Court, E.D. Virginia, Norfolk Division.

May 18, 2004.

Constantinos G. Panagopoulos, Esquire, Ballard, Spahr, Andrews & Ingersoll, LLP, Washington, DC, for Plaintiff.

Terence Murphy, Esquire, Kristan B. Burch, Esquire, Richard J. Conrod, Jr., Esquire, Kaufman & Canoles, PC, Norfolk, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's Opinion and Dismissal Order entered April 6, 2004. For the reasons set forth below, plaintiff's motion is **DENIED**.

### I. Factual and Procedural History

The above-captioned lawsuit arose out of a contract ("the Navy Contract") between the United States Department of the Navy ("the Navy") and Paint City Contractors, Inc. ("Paint City") to repair and paint eight oil tanks owned by the Navy and located in Portsmouth, Virginia. As a condition of the Navy Contract and under the Miller Act, 40 U.S.C.A. §§ 3131–3133 (West.Supp.2003),[1] Paint City was required to obtain a performance bond to ensure performance of the Navy Contract at the contract price. Plaintiff, The Hanover Insurance Company ("Hanover"), issued a performance bond guaranteeing Paint City's performance under the Navy Contract. Also as a condition of the Navy Contract, Paint City was required to hire a quality assurance company. In August, 1999, Paint City hired defendant, Corrpro Companies, Inc. ("Corrpro"), to supply a quality assurance inspector.

On July 30, 2002, the Navy terminated Paint City's right to proceed with the Navy Contract, allegedly for deficient performance. Hanover alleges that the Navy then made a demand on the performance bond, and that Hanover retained an expert to investigate the Navy's claim, sought bids to correct the deficiencies, and tendered an alternate contractor to paint and repair the tanks. The difference between the cost of hiring the alternate contractor and the $900,000 unpaid balance of the contract price was allegedly $1,654,900.

On December 18, 2003, Hanover filed a three-count complaint in the above-captioned matter. Count one alleged that Corrpro negligently failed in its duty to Hanover and Paint City to ensure Paint City's performance of the Navy Contract, and that failure caused Hanover to become obligated under the performance bond. Count two alleged that Corrpro breached its contract with Paint City and asserted that, as a third-party beneficiary of that contract, Hanover is entitled to recover for Corrpro's alleged breach. Count three alleged that under indemnification principles, Hanover was entitled to recover from Corrpro the costs of satisfying its obligation under the performance bond.

On March 3, 2004, Corrpro filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a memorandum in support of that motion, and attachments including a copy of the contract between Paint City and Corrpro. On March 17, 2004, Hanover filed a memorandum in opposition to the motion to dismiss and, in the alternative, a motion for leave to amend the complaint to state claims as Paint City's subrogee. On March 24, 2004, Corrpro filed its reply brief.

On April 6, 2004, the court granted the motion to dismiss and denied plaintiff's motion for leave to amend. Leave to amend was not granted because equitable subrogation principles do not permit Hanover to "stand in the shoes" of Paint City to assert a cause of action against Corrpro. Amendment therefore would have been futile.

Hanover filed this motion for reconsideration under Rule 59(e) on April 16, 2004. In its motion, Hanover puts forth, for the first time, a novel legal basis for recovery. Hanover claims that, as a surety who has discharged its obligation to Navy, it is entitled to "stand in the shoes" of Navy and assert Navy's claim against Corrpro as a third-party beneficiary of the contract between

---

1. Under the Miller Act,

[b]efore any contract, exceeding $100,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States

... (1)[a] performance bond with a surety ... for the protection of the United States [and] (2)[a] payment bond with a surety ... for the protection of all persons supplying labor and materials.

40 U.S.C.A. § 3133(b) (West Supp.2003).

Corrpro and Paint City. As a second basis for reconsidering the April 6, 2004 judgment, Hanover alleges, for the first time, that it had entered into a contractual indemnification agreement with Paint City in 1997 under which Hanover is entitled to assert all of Paint City's rights against other parties arising out of the Navy Contract. A copy of the indemnity agreement is attached to the Hanover's memorandum in support of the Rule 59(e) motion.

## II. Standard of Review

In its entirety, Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e) (2004). "Rule 59(e) permits a court to amend a judgment within ten days for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997) (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)). In other words, it is a means by which the district court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The decision of whether to grant relief under Rule 59(e) is discretionary. *Lockheed Martin*, 116 F.3d at 112.

More important in this case, however, are the purposes for which a Rule 59(e) motion cannot be used. First, Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing cases). Second, a party cannot claim Rule 59(e) relief on the basis of new evidence unless that party also puts forth a "legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (*citing Small v. Hunt*, 98 F.3d 789, 798

(4th Cir.1996) (internal quotations omitted)). In other words, Rule 59(e) does not "enable a party to complete presenting his case after the court has ruled against him." *Id.* (*quoting Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used only sparingly." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed.1995).

## III. Analysis

Under the well-established standard for relief under Rule 59(e), Hanover's motion should be denied. Through the Rule 59(e) motion, Hanover is simply attempting to offer additional facts and legal theories in support of its March 17, 2004 motion for leave to amend the complaint and memorandum in opposition to the motion to dismiss, even though those facts and theories were available to Hanover when Hanover opposed dismissal and requested leave to amend on different grounds than now proposed. Rule 59(e) does not entitle Hanover to a second bite at the apple. Simply put, Rule 59(e) does not provide a party with a mechanism to just keep filing motions with new theories until it gets it right.

Hanover's Rule 59(e) motion argues that the court should not have dismissed the complaint because Hanover may "stand in the shoes" of the Navy and assert a third-party beneficiary claim against Corrpro on the basis that the Navy was a third-party beneficiary of the Corrpro–Paint City contract. In opposition to the motion to dismiss, however, Hanover's only equitable subrogation argument was that "Hanover, as the surety that took over Paint City's work and paid on the bond, stands in the shoes of Paint City, [and] can maintain an action against Corrpro based on negligence, breach of contract and indemnification." (Pl. Opp. to Def.'s Mot. to Dismiss or, in the Alternative, Mot. to Amend its Compl., at 5.) Hanover did not argue that it stated any claim as a surety standing in the shoes of the Navy. Rule 59(e) cannot be used to advance a new legal theory after the court has entered judgment where the party had an opportunity to make a claim under that

theory earlier. *See Pac. Ins. Co.*, 148 F.3d at 403. Paint City had two opportunities to put forth this legal theory during the regular course of this litigation, once at the time that it filed the complaint, and again when it opposed Corrpro's motion to dismiss and requested leave to amend. The court will not grant Hanover a third try by vacating its April 6, 2004 dismissal order.[2]

Also in its memorandum in support of the Rule 59(e) motion, Hanover alleges for the first time that it is contractually entitled to assert Paint City's breach of contract claims against Corrpro, and attaches a copy of an "Agreement of Indemnity" apparently entered into by Hanover and Paint City on May 13, 1997. Neither Hanover's complaint nor anything Hanover submitted for the purpose of seeking leave to amend that complaint made any mention of a contractual assignment of Paint City's rights against third parties to Hanover or of the existence of the written agreement. Ten days after judgment has been entered in the case is not the appropriate time to plead a key fact for the first time, absent a legitimate justification for not having alleged it during the earlier proceedings. *See Pac. Ins. Co.*, 148 F.3d at 403. Hanover has offered no excuse for its failure to bring to the court's attention the contract allegedly assigning Paint City's rights to Hanover during the ordinary course of this litigation. Accordingly, the court will not exercise its discretion under Rule 59(e) to amend the April 6, 2004 Order dismissing Hanover's complaint on the basis of this previously unmentioned fact.

### IV. Conclusion

For the reasons stated, Hanover's motion to alter or amend the April 6, 2004 Opinion and Dismissal Order is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

2. The court offers no opinion as to whether a claim asserted on Hanover's new legal theory would survive a motion to dismiss.