**In re CABLE & WIRELESS, PLC, SECURITIES LITIGATION**

No. 1:02CV1860 (GBL).

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 19, 2004.

Harvey B. Cohen, Esquire, Cohen Gettings & Caulkin, Arlington, VA, Steven J. Toll, Esquire, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Andrew M. Schatz, Esquire, Schatz & Nobel, Hartford, CT, Douglas M. McKeige, Esquire, Bernstein Litowitz Berger & Grossman, New York City, for Plaintiff.

Robert H. Cox, Esquire, Edward Han, Esquire, Martin F. Cunniff, Esquire, Howrey Simon Arnold & White, Washington, DC, for Defense.

## ORDER

LEE, District Judge.

THIS MATTER is before the Court on Plaintiff's Motion to Alter or Amend Judgment. Plaintiff moves the Court to vacate the judgment entered on June 15, 2004, which followed the Court's granting of Defendant Cable and Wireless, PLC's Motion to Dismiss the Consolidated Class Action Complaint, and the Individual Defendants' Motion to Dismiss the Consolidated Class Action Complaint. This is a securities fraud case. Plaintiffs seek their motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

The issue before this Court is three-fold. First, whether the Court was clearly erroneous by holding that the majority of the alleged fraudulent Defendant statements Plaintiffs pled in their Complaint was permissible business puffery.[1] Second, whether the Court was clearly erroneous by holding that Defendants had no duty to disclose the tax indemnity and ratings trigger.[2] Third, whether the Court was clearly erroneous by dismissing Plaintiffs' capacity swap claims.[3]

The Court holds that use of Rule 59(e) is not proper in this case, because there has been no intervening change in controlling law, there is no new evidence not previously available, nor, as Plaintiffs argue, is Rule 59(e) proper to correct a clear error of law or to prevent a manifest injustice. The Court correctly held that Defendants' allegedly fraudulent statements of corporate optimism and puffery are not actionable. Second, the Court correctly held that Defendants had no duty to disclose the tax indemnity and ratings trigger. Specifically, the Court applied the correct pleading standards, which Plaintiffs did

---

1. *See In re Cable & Wireless, PLC, Securities Litigation,* 321 F.Supp.2d 749 (E.D.Va.2004).

2. *Id.*

3. *Id.*

not meet. Third, the Court properly dismissed Plaintiffs' capacity swap claims. Again, the Court applied the correct pleading standard, and the Court correctly held that Plaintiffs had failed to plead its capacity swap claims with particularity.

For these reasons, the Court holds that Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

## BACKGROUND

This motion stems from a securities fraud case. Cable & Wireless, PLC ("C & W") is a British telecommunications company providing telephone, Internet, cable television, multimedia, and data transmission services. This securities class action relates to a series of allegedly false and misleading statements made during the Class Period (August 1999 to December 2002) by C & W and its senior officers regarding the company's August 6, 1999 sale of One 2 One (a mobile telecommunications subsidiary) to Deutsch Telekom.

In *In Re Cable & Wireless, PLC, Securities Litigation*, 321 F.Supp.2d. 749 (E.D.Va.2004), the Court granted Defendant C & W's Motion to Dismiss the Consolidated Class Action Complaint, and Defendants Graham Wallace and Robert Lerwill ("the individual defendants") Motion to Dismiss the Consolidated Class Action Complaint.[4] Specifically, the Court held that Plaintiffs' Complaint did not adequately plead a federal securities fraud claim, under 15 U.S.C. § 78u–4(b), to withstand Defendants' motions to dismiss for failure to plead fraud with particularity and failure to state a claim upon which relief can be granted. The Court held that Plaintiffs' Complaint did not adequately plead a federal securities fraud claim, as required under Federal Rule of Civil Procedure 9(b), and through the Private Securities Litigation Reform Act ("PSLRA") for three reasons. First, the Court held that Plaintiffs' Complaint failed to specify each alleged misleading statement with particularity. Second, the Court held that Plaintiffs' Complaint failed to establish each allegation as a material fact. Third, the Court held that Plaintiffs' Complaint failed to raise a strong inference that Defendants acted intentionally, consciously, or recklessly. *Id.* at 753.

In particular, the Court held that one reason Plaintiffs did not establish each allegation as a material fact was because the majority of the fraudulent statements that Plaintiffs pled in their Complaint against all Defendants were permissible business puffery. *Id.* at 766.

The Court also held that Defendants' failure to disclose the possibility of C & W's tax indemnification of One 2 One, triggered if C & W's credit rating dropped below a contractually defined level, was not recklessness. Therefore, Plaintiffs did not plead the requisite state of mind, scienter, against Defendants. Specifically, the Court held that Defendants' failure to disclose contingent liabilities when there was no reason to believe the contingency would manifest itself at the time the statement was made is not recklessness. *Id.* at 770.

In addition, the Court held that Plaintiffs' allegations of Defendants' fiber optic line capacity swap transactions, which Plaintiffs claimed were neither wanted or needed by C & W, had no economic substance, and were conducted simply to artificially inflate C & W's earnings, were not reckless within the meaning of the Securities Act. *Id.* at 755, 770–71. Specifically, the Court held that "Plaintiffs fail to state any facts which lead the Court to draw a

---

4. In *In Re Cable & Wireless,* the Court also denied Defendants' Motion to Dismiss the Claims of Foreign Purchasers for Lack of Subject Matter Jurisdiction. That holding is not at issue in this motion.

strong inference of conduct so highly unreasonable and such an extreme departure from the standard of ordinary care on the part of Defendants." *Id.* at 771.

In Plaintiffs' Motion to Alter or Amend Judgment, they argue that three of the Court's holdings in *In Re Cable & Wireless* were clearly erroneous. First, Plaintiffs argue that the Court's holding that the majority of the fraudulent statements that Plaintiffs pled in their Complaint against all Defendants were permissible business puffery is erroneous. Specifically, Plaintiffs argue that the Court's holding fails to take into account the Fourth Circuit's ruling in *Dunn v. Borta,* 369 F.3d 421 (4th Cir.2004). Plaintiffs assert that *Dunn* holds that actionable puffery is where the allegedly false statements consists of specific factual allegations regarding the company's business dealings and prospects that can be proven true or false, are properly supported, and could be found material by a reasonable jury. Plaintiffs contend that this is the case before the Court.

Second, Plaintiffs assert that the Court's holding that Defendants conduct was not reckless for its failure to disclose the possibility of C & W's tax indemnification of One 2 One and the credit ratings trigger, is erroneous. Plaintiffs contend that this holding ignores *Dunn,* which Plaintiffs opine holds that the failure to disclose a material contingency or risk, even when that contingency did not come to pass, is sufficient to state a claim for securities fraud. Second, Plaintiffs argue, the Court's holding is a factual determination that is improper at this stage of the litigation and is directly contradicted by the allegations in the Complaint.

Third, Plaintiffs argue that the Court's holding dismissing Plaintiffs' claims arising from C & W's capacity swap transactions was erroneous. Plaintiffs contend that the Court applied a pleading standard that the Fourth Circuit held to be erroneous in *Ottmann v. Hanger Orthopedic Group, Inc.,* 353 F.3d 338, 350 n. 8 (4th Cir.2003). Plaintiffs also opine that the Court erroneously held that the Complaint did not contain facts which the Court stated in *In Re Cable & Wireless* were required to properly allege a claim.

Defendants argue that Plaintiffs are improperly rearguing their case under Federal Rule of Civil Procedure 59. In particular, Defendants contend that Plaintiffs "are simply attempting to reargue their case because, in their opinion, the Court was wrong." Defs' Opp. to Lead Pls.' Mot. to Alter or Amend J. at 3. Defendants further argue that the Court applied the correct pleading standards in both its holdings addressing the tax indemnity and ratings trigger, and the capacity swap transactions. Furthermore, Defendants contend that *Dunn* is not applicable in this case, because it dealt with a Virginia Securities Act issue, and is factually distinguishable from this case.

## DISCUSSION

*Standard of Review.*

■■ Under Rule 59(e), there are three possible grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998); *Fattahi v. Bureau of Alcohol, Tobacco & Firearms,* 195 F.Supp.2d 745, 748 (E.D.Va.2002). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

A litigant may not use Rule 59 to relitigate issues already decided by the court. *See Clapper v. Chesapeake Conference of Seventh–Day Adventists,* 1998 WL 904528,

*3, 1998 U.S.App. LEXIS 32554, at *15 (4th Cir. Dec. 29, 1998) ("The Rule 59(e) motion may not be used to relitigate old matters"); *see also Thompson v. Direct Impact Co.*, 63 F.Supp.2d 721, 724 (E.D.Va.1998) ("a Rule 59(e) motion is not a vehicle for obtaining post judgment reargument on issues already decided"); *aff'd,* 188 F.3d 503 (4th Cir.1999); *see also Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D.Va.2004) ("Rule 59(e) does not entitle [Plaintiffs] to a second bite at the apple"). As this Court held earlier,

> "[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court ... already thought through—rightly or wrongly ... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

*Analysis*

■ The Court holds that it was not in clear error by holding that many of Defendants alleged fraudulent statements of corporate optimism and puffery are not actionable. In order to state a claim under the pleading standards of the Securities Act, allegedly fraudulent statements must be material. As addressed in *Dunn*, and *ad nauseum* in *In Re Cable & Wireless*

[a] fact stated or omitted is material if there is a substantial likelihood that a reasonable purchaser or seller of a security (1) would consider the fact important in deciding whether to buy or sell the security or (2) would have viewed the total mix of information made available to be significantly altered by disclosure of the fact. *Longman v. Food Lion, Inc.*, 197 F.3d 675, 683 (4th Cir.1999) (*citing Basic Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)).

Courts have demonstrated a willingness to find immaterial, as a matter of law, a certain kind of rosy affirmative commonly heard from corporate managers and familiar to the marketplace—loosely optimistic statements that are so vague, so lacking in specificity, or so clearly constituting the opinions of the speaker, that no reasonable investor could find them important to the total mix of information available. *See In Re Cable & Wireless*, 321 F.Supp.2d. at 766–67; *see e.g., Hillson Partners Ltd. Partnership v. Adage, Inc.*, 42 F.3d 204, 213 (4th Cir.1994); *Cooke v. Manufactured Homes, Inc.*, 998 F.2d 1256 (4th Cir.1993) (holding that commercial puffery lacks, as a matter of law, the materiality to be actionable); *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 288–90 (4th Cir.1993) (holding that vague, amorphous statements are not actionable because reasonable investors do not consider "soft" statements or loose predictions important in making investment decisions).

Plaintiffs contend that the Court's holding, that many of Defendants' alleged fraudulent statements of corporate optimism and puffery are not actionable, is wrong under *Dunn v. Borta*, 369 F.3d 421 (4th Cir.2004). Plaintiffs assert that *Dunn* holds that actionable puffery consists of where the allegedly false statements consist of specific factual allegations regarding the company's business dealings and prospects that can be proven true or false, are properly supported, and could be found material by a reasonable jury.

The Court is unpersuaded by Plaintiffs' interpretation of *Dunn*. First, *Dunn* is not applicable in this case. The Fourth Circuit addressed *Dunn* as applying only to the Virginia Securities Act, rather than federal securities laws, which apply in this case.[5] Second, the facts in *Dunn* were distinguishable from this case. In *Dunn*, the allegedly fraudulent statements largely consisted of very specific factual allegations that could be "proven true or false." *Id.* at 431. The plaintiffs in *Dunn* alleged, for example, that the defendants assured them that "Ronbotics had sold 225 CoasteRider units" when in fact it had not done so, that "SEGA, Namco, and Gaelco were designing products using Ronbotics technology" when in fact they were not doing so, and that Ronbotics was in negotiations with other companies when in fact it was not. *Id.* at 425, 431. In this case, the majority of the statements Plaintiffs alleged in their Complaint were soft, puffing statements.[6] Under the case law outlined above (much of it Fourth Circuit law) and in *In Re Cable & Wireless*, these soft, puffing statements are simply generalized declarations of corporate optimism and are not actionable under the federal securities laws.

The Court also holds that it was not in clear error by its holding that Defendants conduct was not reckless for their failure to disclose the possibility of C & W's tax indemnification of One 2 One and the cred-

it ratings trigger. The Court applied the correct pleading standard in this case. Furthermore, the tax indemnification of One 2 One and the credit ratings trigger were both contingent liabilities. The Court was not in error by holding that Defendants need not disclose these contingent liabilities when there was no reason to believe the contingency would manifest itself at the time the statement was made.

■ Plaintiffs argue that the Court misstated the pleading standard under Federal Rule of Civil Procedure 12(b)(6). In particular, Plaintiffs opine that at this stage of the litigation, "the Court must construe all reasonable inferences in Plaintiffs' favor and assume that Plaintiffs can prove their factual allegations." Mem. of Law in Supp. of Lead Pls. Mot. to Alter or Amend J. at 7. Plaintiffs' assertion fails to take into account the heightened pleading standard that a plaintiff encounters under the PSLRA.

Although, under a court's analysis of a Rule 12(b)(6) motion, all reasonable inferences must be made in favor of the non-moving party, and "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven," *In re MicroStrategy*, 115 F.Supp.2d at 627 (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992)), the PSLRA places additional

---

**5.** "Because the only issues on appeal relate to the state law claims, we need not assess whether the allegations satisfy the heightened pleading requirements for federal securities fraud claims enacted in the Private Securities Litigation Reform Act of 1995." *Dunn*, 369 F.3d at 426 n. 13

**6.** "The following statements, which Plaintiffs contend are false statements, amount to little more than inactionable puffery or corporate optimism. *See* Compl. ¶ 103 ("these results demonstrate healthy growth and exceptionally strong finances"); *Id.* ¶ 119 ("we are achiev-

ing our objectives ... [C & W's] unique financial strength is a fundamental advantage as the shakeout in our sector continues"); *Id.* ¶ 125 ("our current strong net cash position of £2.2 billion remains a source of competitive advantage with our corporate customers"); *Id.* ¶ 129 ("results are in line with our expectations ..." "Revenues ... have continued to grow ..." "Maintain our strong Group net cash position as a source of competitive advantage with our corporate customers"). These statements are not material." *In Re Cable & Wireless*, 321 F.Supp.2d at 767.

pleading demands on Plaintiffs. The PSLRA codifies the requirements of Rule 9(b) and further requires that the complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omissions is made on information and belief, ... state with particularity all the facts on which that belief is formed." 15 U.S.C. § 78u–4(b). The PSLRA also requires that the complaint in a securities fraud case "state with particularity facts giving rise to a strong inference that defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). The required state of mind is scienter. *See Ottmann*, 353 F.3d at 344. The Fourth Circuit has held that the PSLRA has raised the pleading standards that ordinarily govern a motion to dismiss. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 620 (4th Cir.1999) (noting that PSLRA "indisputably seeks to make pleading scienter more difficult for plaintiffs"). *In Re Cable & Wireless* analyzes in detail the reasoning why Plaintiffs do not plead with particularity, as well as state particular facts giving rise to a strong inference that Defendants acted with scienter. *See, e.g., In Re Cable & Wireless*, 321 F.Supp.2d at 770.

■ The Court also holds that its analysis in *In Re Cable & Wireless*, that Defendants' failure to disclose contingent liabilities was not reckless when there was no reason to believe the contingency would manifest itself at the time the statement was made, is not clear error. As detailed in *In Re Cable & Wireless*, the Court followed the precedent of several courts of appeal. *See, e.g., City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1267–68 (10th Cir.2001); *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 962 (5th Cir.1981).

Plaintiffs argue that the Court holds that "merely because the liabilities were contingent they need not be disclosed."

Mem. of Law in Supp. of Lead Pls. Mot. to Alter or Amend J. at 10. The Court held that defendants do not have a duty to disclose a contingent liability, *if the liability is unlikely to occur. See, e.g., In re Xonics Photochemical, Inc.*, 841 F.2d 198, 199–200 (7th Cir.1988). This analysis is consistent with the Ninth Circuit's holding in *SEC v. Fehn*, 97 F.3d 1276, 1291 (9th Cir.1996), in which the court held that materiality depends upon a balancing test of both the indicated probability that the event would occur and the anticipated magnitude of the event in light of the totality of the company activity. In this case, when company officials originally entered into the tax indemnification and ratings trigger contract, there was a low probability that the event triggering indemnification would occur. When officials entered into this agreement, C & W was a world telecommunications leader in a boom telecommunications market. Even when C & W's credit rating slipped triggering indemnification, company officers did not take this money away from C & W's treasury. It was simply escrowed into a separate banking account.

As stated in *In Re Cable & Wireless*, at the most Defendants behavior may have reflected bad business judgment. However, all investors take a calculated risk that the managers of their companies may have lackluster business judgment. The purpose of the securities laws is not to give disgruntled investors a tool to second-guess the legitimate, albeit poor, decisions of company officers and executives.

Plaintiffs also allege that the Court ignored various allegations in the Complaint which they claim "specifically alleged that the likelihood that the ratings trigger would occur was probable, and that this risk increased throughout the Class Period." Mem. of Law in Supp. of Lead Pls. Mot. to Alter or Amend J. at 9. *In Re*

*Cable & Wireless* addresses, in detail, the reasoning behind the Court's finding that Plaintiffs failed to adequately plead that any of Defendants' conduct related to the tax indemnity and tax trigger lacked materiality and scienter. *See, e.g., In Re Cable & Wireless,* 321 F.Supp.2d at 770. There is no need to revisit these arguments in this Rule 59(e) motion.

Plaintiffs also again argue that, based on *Dunn,* the Court's holding that Plaintiffs failed to adequately plead that any of Defendants' conduct related to the tax indemnity and tax trigger lacked materiality and scienter, is clear error. Plaintiffs interpretation of *Dunn,* as related to this case, is unpersuasive. Again, the Fourth Circuit solely addressed issues pertaining to the Virginia Securities Act under *Dunn.* Second, the *Dunn* court's holding that the defendant's failure to disclose a contingency was actionable, was specific to the particular facts of that case.[7]

Finally, the Court holds that it properly dismissed Plaintiffs' capacity swap claims. Again, the Court applied the correct pleading standard, and the Court correctly held that Plaintiffs had failed to plead these capacity swap violations with particularity. Plaintiffs' arguments, that the Court's ruling does not comply with *Ottmann,* is simply relitigation of old arguments addressed in oral argument, pleadings, and in the Court's opinion in *In Re Cable & Wireless.*

The Court does, however, note a case similar to that at issue here. In *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 308 F.Supp.2d 249 (S.D.N.Y.2004), the plaintiff alleged that Flag, a telecommunications company, entered into "sham" capacity swaps with other carriers in an effort to artificially inflate the company's earnings. *See id.* at 252–53. The plaintiff in Flag, like Plaintiffs in this case, provid-ed details of some of the allegedly improper transactions, including the approximate dates, counter-parties, types of capacity at issue, and the approximate value of the transactions. *See id.* at 260–61. However, using the same pleading standard that this Court used in *In Re Cable & Wireless,* the court dismissed the complaint stating that, "plaintiff has not pleaded facts that indicate any of the transactions Flag entered into with its competitors were improper." *Id.* at 260. Like in this case, the Flag court dismissed the complaint because plaintiffs failed to allege facts establishing that defendants knew, or were reckless in not knowing, that any of the specific transactions at issue were fraudulent. *See id.* at 261–62.

In essence, Plaintiffs attempt to relitigate the same issues argued in its pleadings, oral argument, and decided upon by the Court's decision is not the proper use of Rule 59(e).

### CONCLUSION

The Court holds that use of Rule 59(e) is not proper in this case, because there has been no intervening change in controlling law, there is no new evidence not previously available, nor, as Plaintiffs argue, is Rule 59(e) proper to correct a clear error of law or to prevent a manifest injustice.

The Court correctly held that Defendants' allegedly fraudulent statements of corporate optimism and puffery are not actionable. Second, the Court correctly held that Defendants had no duty to disclose the tax indemnity and ratings trigger. Specifically, the Court applied the correct pleading standards, which Plaintiffs did not meet. Third, the Court properly dismissed Plaintiffs' capacity swap claims. Again, the Court applied the cor-

---

**7.** The contingency, specific to the facts of *Dunn* only, was that if the company were to file for bankruptcy, patent rights would be reassigned.

rect pleading standard, and the Court correctly held that Plaintiffs had failed to plead its capacity swap claims with particularity. For the foregoing reasons, it is hereby

ORDERED that Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

The Clerk is directed to forward a copy of this Order to counsel.