**PFIZER INC. and Pfizer Ltd., Plaintiffs and Counterclaim Defendants,**

v.

**TEVA PHARMACEUTICALS USA, INC., Defendant and Counterclaim Plaintiff.**

**Civil No. 2:10cv128.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 30, 2011.

---

Aaron Stiefel, Daniel Peter Dinapoli, Marc Nathan Zubick, Soumitra Deka, Steven James Glassman, Kaye Scholer LLP, New York, NY, Alan Michael Fisch, Roy William Sigler, Kaye Scholer LLP, Washington, DC, Brett Alexander Spain, Conrad Moss Shumadine, Gary Alvin Bryant, Willcox & Savage PC, Norfolk, VA, for Plaintiffs and Counterclaim Defendants.

Gregory N. Stillman, Brent Lee Vannorman, Hunton & Williams, Norfolk, VA, Brian Prew, Charles Wizenfeld, David Hashmall, John Paul Hanish, Joshua Aaron Whitehill, Keith Adam Zullow, Kevin James Culligan, Michael Salvatore Devincenzo, Goodwin Procter LLP, New York, NY, David Michael Young, Goodwin Procter LLP, Washington, DC, Elaine Herrmann Blais, John Thomas Bennett, Goodwin Procter LLP, Boston, MA, for Defendant and Counterclaim Plaintiff.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the plaintiffs', Pfizer Inc. and Pfizer Limited (collectively "Pfizer"), Motion and Memorandum to Amend the Court's Judgment ("Motion").[1] On August 12, 2011, this court entered its Opinion and Final Order ("Opinion"), which found, in pertinent part, that the defendant's, Teva Pharmaceuticals USA, Inc. ("Teva"), proposed generic equivalent of Viagra would infringe on Pfizer's United States Patent No. 6,469,012, which the court held was valid and enforceable. *See Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 803 F.Supp.2d 409, 457–59, 2011 WL 3563112, at *39–40 (E.D.Va.2011). Pfizer asks this court to amend its judgment of August 16, 2011 ("Judgment"), "to add that the effective date of the approval of [Teva's] Abbreviated New Drug Application ("ANDA") No. 77–342 shall be no earlier than the date of the expiration of United States Patent No. 6,469,012." Pls.' Mot. and Mem. to Amend the Ct.'s J. 1, ECF No. 474. Teva in turn asks the court to deny Pfizer's Motion, and instead amend its Judgment to allow for approval of Teva's ANDA at the earlier of the expiration of the '012 patent, or the issuance of a Federal Circuit opinion invalidating claims 25 and 26 of the '012 patent. Def's Opp'n to Pls.' Mot. 2, ECF No. 481. For the reasons stated herein, the court **GRANTS** Pfizer's Motion and **DENIES** Teva's request.

### I. Procedural History

On March 24, 2010, Pfizer[2] filed suit in this court against Teva[3] alleging imminent

---

1. Pursuant to Fed.R.Civ.P. 59, the court may alter or amend a previous judgment when moved by a party to do so within twenty-eight (28) days of the judgment. Fed.R.Civ.P. 59(e).

2. Upon Motion by Pfizer, and over Teva's objection, this court added Pfizer Ireland Pharmaceuticals Unlimited Liability Co. as a plaintiff on June 30, 2011, *see* Docket # 406, and Pfizer filed an Amended Complaint on the same day. *See* Docket # 407. The court,

infringement of Pfizer's United States Patent No. 6,469,012 ("the '012 patent"), entitled "Pyrazolopyrimidinones for the Treatment of Impotence." United States Patent No. 6,469,012 (filed May 13, 1994) (issued Oct. 22, 2002). The '012 patent claims the use of certain chemical compounds as a method of treating erectile dysfunction ("ED"). On August 12, 2011, the court issued its Opinion, dismissing Pfizer Ireland Pharmaceuticals Co. from this litigation, denying Teva's motion for leave to file its proposed second amended answer and counterclaim, and finding that Teva's proposed generic equivalent of Viagra would infringe on Pfizer's United States Patent No. 6,469,012, which the court held was valid and enforceable. *See Pfizer, Inc. v. Teva Pharms. USA, Inc.,* 803 F.Supp.2d at 457–59, 2011 WL 3563112, at *39–40. The Clerk entered Judgment on August 16, 2011. *See* Judgment, ECF No. 471.

On August 25, 2011, Pfizer filed this Motion under Federal Rule of Civil Procedure 59(e), asking the court to amend its Judgment to reflect the remedies available for "acts of infringement" under 35 U.S.C. § 271(e)(4). Specifically, Pfizer asks the court to specify that the effective date of Teva's ANDA shall be no earlier than the expiration of Pfizer's '012 patent. *See* 35 U.S.C. § 271(e)(4)(A). Teva filed its Opposition to Pfizer's Motion on September 9, 2011, objecting to Pfizer's proposed language. Instead, Teva asks the court to amend its Judgment to state that the effective date of Teva's ANDA shall be the earlier of the expiration of Pfizer's '012 patent, or the date of a decision by the United States Court of Appeals for the

Federal Circuit that claims 25 and 26 of the '012 patent are invalid or unenforceable. Pfizer filed its Reply Memorandum in Further Support of its Motion on September 15, 2011. The Motion is now ripe for review.

## II. Discussion

 "Under Rule 59(e), there are three possible grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *In re Cable & Wireless. PLC,* 332 F.Supp.2d 896, 899 (E.D.Va.2004) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998), and *Fattahi v. Bureau of Alcohol, Tobacco & Firearms,* 195 F.Supp.2d 745, 748 (E.D.Va.2002)). "Reconsideration is appropriate where 'the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Thompson v. Shaia,* No. 3:10cv919, 2011 WL 3820761, at *3, 2011 U.S. Dist. LEXIS 96754, at *7 (E.D.Va. Aug. 29, 2011) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Pfizer requests that that court amend its Judgment to impose an effective date for approval of Teva's ANDA in accordance with 35 U.S.C. § 271(e)(4)(A). The submission of an ANDA with a paragraph IV certification under section 505(j) of the Federal Food, Drug, and Cosmetic Act for a drug claimed in a patent constitutes an

---

by agreement of the parties, dismissed Pfizer Ireland Pharmaceuticals Partnership from this suit on July 14, 2011. *See* Docket # 434.

**3.** Pfizer initially brought suit against two defendants: Teva Pharmaceutical Industries,

Ltd., and Teva Pharmaceuticals USA, Inc. The complaint against Teva Pharmaceutical Industries, Ltd. was dismissed without prejudice upon agreement of the parties on May 4, 2010. *See* Docket # 26.

"act of infringement" under 35 U.S.C. § 271(e)(2)(A). Among the provided remedies, the statute states: "the court *shall* order the effective date of any approval of the drug ... involved in the infringement to be a date which is not earlier than the expiration of the patent which has been infringed." 35 U.S.C. § 271(e)(4)(A) (emphasis added). The Federal Circuit has stated that Subparagraph (A) "provides an additional type of relief after a finding of infringement ... by *requiring* the district court" to set the effective date as stated by the statute. *In re Omeprazole Patent Litigation*, 536 F.3d 1361, 1367 (Fed.Cir.2008) (emphasis added). Other district courts, in addressing 35 U.S.C. § 271(e)(4)(A), have similarly interpreted the statute to mandate entrance of the proscribed deadline. *See Altana Pharma AG v. Teva Pharms. USA Inc.*, 2010 WL 3211126, at *2–*3, 2010 U.S. Dist. LEXIS 82958, at *7–*9 (D.N.J. August 13, 2010) (granting plaintiff's motion for reconsideration to impose the effective date specified by § 271(e)(4)(A) "to prevent manifest injustice"); *Alcon, Inc. v. Teva Pharms. USA, Inc.*, 2010 WL 3081327, at *1–*2, 2010 U.S. Dist. LEXIS 78987, at *3–*5 (D.Del. Aug. 5, 2010) (stating that "Alcon is entitled to a declaration" pursuant to § 271(e)(4)(A)); *AstraZeneca AB v. Impax Labs., Inc.*, 490 F.Supp.2d 368, 377 (S.D.N.Y.2007) ("Rather, the clear and unambiguous language of the statute sets the date of the expiration of the patent only as the *earliest effective date a court may order.*") (emphasis added).

In contrast to Pfizer's request for an amendment incorporating the language of 35 U.S.C. § 271(e)(4)(A), Teva requests that this court instead amend its Judgment to impose an effective date for approval of Teva's ANDA at the earlier of either the expiration of the '012 patent, *or* the date of a Federal Circuit opinion holding that claims 25 and 26 of the '012 patent are invalid or unenforceable.[4] Teva expresses concern that without such a modification, it may risk losing its 180–day period of marketing exclusivity should the '012 patent later be invalidated.[5]

█ Teva's argument fails to persuade the court that such a departure from the statutory language is warranted. First, Teva does not explain how its proposal can be reconciled with the clear, statutorily-mandated effective date set forth in 35 U.S.C. § 271(e)(4)(A). *See AstraZeneca AB*, 490 F.Supp.2d at 377 (holding that the language of 35 U.S.C. § 271(e)(4)(A) is clear and "[o]nly the most extraordinary showing of contrary intentions in the legislative history will justify departure from the plain and unambiguous language of the statute") (internal citations omitted). Teva

---

4. Teva also requests that the court amend its Judgment to clarify that it only applies to claims 25 and 26 of the '012 patent. *See* Def's Opp'n to Pls.' Mot. 2–3, ECF No. 481. The court sees no need to amend its Judgment in this regard, as the Opinion is clear in its scope. The court's finding of infringement only covers claims 25 and 26 of the '012 patent. *See Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 803 F.Supp.2d at 414, n. 4, 2011 WL 3563112, at *1, n. 4. As to the inequitable conduct claim, Teva sought invalidation of the patent as a whole. *See* Def.'s First Am. Answer and Countercl. 32, ECF No. 80. Therefore, the court's statement that the patent is enforceable, as a result of the court's denial of Teva's counterclaim, is proper.

5. Teva asserts that it is entitled to a 180–day period of generic exclusivity if claims 25 and 26 of the '012 patent are invalid or unenforceable, because Teva was the first-to-file ANDA applicant for a generic equivalent of Viagra under 21 U.S.C. § 355(j)(5)(B)(iv). *See* Def's Opp'n to Pls.' Mot. 5, ECF No. 481. However, Teva will forfeit this right, if it fails to begin marketing its ANDA product within seventy-five (75) days of a Federal Circuit decision that claims 25 and 26 of the '012 patent are invalid or unenforceable. *See* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA), (ii).

points to 21 U.S.C. § 355(j)(5)(B)(iii)(II)(aa) [6] as contemplating an earlier effective date for approval of an ANDA, specifically the date of a subsequent Federal Circuit decision in its favor.[7] However, 21 U.S.C. § 355(j)(5)(B)(iii)(II) does not seem to be in conflict with 35 U.S.C. § 271(e)(4)(A); indeed, the section goes on to expressly cite 35 U.S.C. § 271(e)(4)(A), stating "if the judgment of the district court is not appealed or affirmed, the approval shall be made effective on the date specified by the district court in a court order under section 271(e)(4)(A) of title 35, United States Code." 21 U.S.C. § 355(j)(5)(B)(iii)(II)(bb). Teva is correct that under the statute, *if this court's Opinion is overturned on appeal,* then approval can proceed.[8] The two statutes seem to be sufficiently harmonized and turn on the outcome of the appeal of the present case. But 21 U.S.C. § 355(j)(5)(B)(iii)(II) cannot be read to instruct that the court can, let alone should, *prospectively impose any effective date* for an ANDA under 35 U.S.C. § 271(e)(4)(A) *earlier than the one expressly proscribed by statute.*

Even if the court does have the discretion to authorize an effective date for Teva's ANDA earlier than the expiration of the '012 patent, contrary to the express language of 35 U.S.C. § 271(e)(4)(A), Teva has not provided sufficient justification for doing so. While a subsequent Federal Circuit opinion invalidating claims 25 and 26 of the '012 patent would, of course, be controlling on this court, the possibility of a contrary Federal Circuit decision hangs over all district court patent cases; this court does not need to specify for every opinion how subsequent appellate action could impact its judgments.[9] Furthermore, the court does not see any characteristics in this case that distinguish it from other infringement actions under the statute, and no other case has been raised nor found in which a court imposed a similar alternative effective date under 35

6. "If the judgment of the district court is appealed, the approval shall be made effective on ... (AA) the date on which the court of appeals decides that the patent is invalid or not infringed (including any substantive determination that there is no cause of action for patent infringement or invalidity)." 21 U.S.C. § 355(j)(5)(B)(iii)(II)(aa).

7. Pfizer has demonstrated that there is at least a question as to whether the alternative effective date that Teva proposes, specifically the date of an opinion by the Federal Circuit, would be the correct controlling date should the Federal Circuit invalidate claims 25 and 26 of the '012 patent. *See* Pls.' Reply Mem. in Further Supp. of Mot. to Amend 2, ECF No. 484. The statute triggers on the "date on which approval of the application of the first application is made effective under subparagraph (B)(iii)," which in turn is "the date on which the court of appeals decides that the patent is invalid or not infringed." 21 U.S.C. § 355(j)(5)(B)(iii)(II)(aa), (j)(5)(D)(i)(I)(bb)(AA). Although Teva assumes that this date would be the date on which the opinion is issued, Pfizer cites an FDA decision interpreting a comparable statutory trigger, occurring when "the court determines" an issue, to refer to the date the Federal Circuit issues its mandate, not the date it issues its opinion. *See* Pls.' Reply Mem. in Further Supp. of Mot. to Amend 2, Ex. 1, ECF No. 484; *see also Mylan Labs., Inc. v. Leavitt,* 484 F.Supp.2d 109, 119 (D.D.C.2007) (refusing to overturn the FDA's interpretation). The court does not make any holding about the construction of 21 U.S.C. § 355(j)(5)(B)(iii)(II)(aa), but this ambiguity further weighs against adoption of Teva's deviation from the statutory language of 35 U.S.C. § 271(e)(4)(A).

8. Correspondingly, the court's ordered effective date for Teva's ANDA under 35 U.S.C. § 271(e)(4)(A) would be overturned as well.

9. The court is similarly unpersuaded that the mere potential that challenges to claims 25 and 26 of the '012 patent pending in other district courts might eventually succeed in the Federal Circuit necessitates a departure from the statutory language.

U.S.C. § 271(e)(4)(A). Teva's concern about its period of marketing exclusivity is noted, but Teva does not make any showing that this court would be unable to act within the proscribed seventy-five day time period following a contrary Federal Circuit decision.[10] In short, the court does not find that Teva has provided sufficient reason for the court to depart from the unambiguous statutory language of 35 U.S.C. § 271(e)(4)(A), nor that the failure to do so would constitute "manifest injustice."

Given Pfizer's clear statutory entitlement to a remedy under 35 U.S.C. § 271(e)(4)(A), the court **FINDS** that in order to prevent manifest injustice, the court should amend its Judgment to prohibit approval of Teva's ANDA before expiration of Pfizer's '012 patent.

### III. Conclusion

For the reasons set out in this Memorandum Order, the court hereby **GRANTS** Pfizer's Motion to Amend the Court's Judgment and **DENIES** Teva's requested amendment. The Clerk is **DIRECTED** to amend the court's Judgment of August 16, 2011, to state that:

IT IS ORDERED AND ADJUDGED that Teva Pharmaceuticals USA, Inc.'s Motion to Dismiss for Lack of Standing is GRANTED IN PART, and Pfizer Ireland Pharmaceuticals Co. is DISMISSED from this litigation; that judgment is entered for Pfizer Inc. and Pfizer Ltd. on the Amended Complaint and Amended Counterclaim, in accordance with the Court's Opinion and Final Order which found that Pfizer Inc. and Pfizer Ltd. did not commit inequitable conduct in the prosecution of United States Patent No. 6,469,012; that Teva Pharmaceuticals USA, Inc.'s proposed generic equivalent of Viagra would IN-

FRINGE United States Patent No. 6,469,012; that United States Patent No. 6,469,012 is VALID and EN-FORCEABLE; **and that the effective date of the final approval of Teva Pharmaceuticals USA, Inc.'s Abbreviated New Drug Application No. 77–342 shall be no earlier than the date of the expiration of United States Patent No. 6,469,012.**

The court further **DIRECTS** the Clerk to send a copy of this Memorandum Order to all counsel in this case.

**IT IS SO ORDERED.**

---

**10.** *See also supra* note 7 (noting potentially conflicting interpretations of when this seven-

ty-five day period would begin).