RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0478p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KERRY L. MORGAN,

       *Plaintiff-Appellant,*

    *v.*

FEDERAL BUREAU OF ALCOHOL, TOBACCO &
FIREARMS,

       *Defendant-Appellee.*

No. 07-1358

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-73373—Gerald E. Rosen, District Judge.

Argued: November 27, 2007

Decided and Filed: December 13, 2007

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Kerry L. Morgan, PENTIUK, COUVREUR & KOBILJAK, Wyandotte, Michigan, for
Appellant. Derri T. Thomas, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for
Appellee. **ON BRIEF:** Kerry L. Morgan, PENTIUK, COUVREUR & KOBILJAK, Wyandotte,
Michigan, for Appellant. Derri T. Thomas, ASSISTANT UNITED STATES ATTORNEY, Detroit,
Michigan, for Appellee.

---

## OPINION

---

     ROGERS, Circuit Judge.  Plaintiff Kerry Morgan appeals the district court's grant of
summary judgment in favor of the defendant, the Bureau of Alcohol, Tobacco and Firearms.
Mr. Morgan, who deals in firearms from his residential premises in Redford Township, Michigan,
applied in 2003 for a renewal of his federal firearms license.  Based on an opinion of the Township's
legal counsel that Morgan's firearms business violated Redford zoning regulations, ATF denied his
renewal application.  Morgan filed a petition for judicial review of ATF's final denial pursuant to
18 U.S.C. § 923(f)(3), and the district court granted ATF's motion for summary judgment.  Because
ATF properly relied on Redford Township's interpretation of its own zoning laws in denying
Morgan's federal firearms license, and because Morgan has presented no genuine issue of material
fact, we affirm the district court's grant of summary judgment.

1

Morgan first obtained a federal firearms license in 1993, authorizing him to deal in firearms from his Sumner Avenue home in Redford Township, Michigan. This location, which Morgan identified on his license application as the relevant "business address," is a single-family residence classified as "residential" under Redford Township zoning regulations.

Morgan timely sought renewal of his firearms license every three years, as required by federal regulations. *See* 27 C.F.R. §§ 478.45, 478.49. Beginning in 1994, applicants for new or renewed firearms licenses were required to certify that "the business to be conducted under the license is not prohibited by State or local law." 18 U.S.C. § 923(d)(1)(F). Morgan signed the appropriate Certificate of Compliance with State and Local Law for each renewal application. During the course of his renewals, the Bureau of Alcohol, Tobacco and Firearms began to express concerns that Morgan's operation of a firearms business out of his home might violate local Redford Township zoning laws. ATF nevertheless renewed Morgan's firearms license in 1994, 1997, and 2000. Apparently troubled by ATF's concern that his firearms business may violate local zoning law, Morgan secured an opinion letter from a local attorney in 1994 stating that his firearms business was a permissible home occupation within the meaning of Redford Township zoning regulations.

When Morgan applied for a license renewal in 2003, however, ATF inspector Gail Sullivan sought and obtained a written opinion from Redford Township's legal counsel regarding Morgan's compliance with local zoning laws. Through its counsel, the Township determined that Morgan's operation of a firearms business from his home in a residential district was not permitted under the town's zoning ordinance. Based on this information, Ms. Sullivan recommended that Morgan's request for a license renewal be denied, and ATF notified Morgan that his license would not be renewed because "the business to be conducted under the license would not comply with state and local law."

Morgan timely requested an administrative hearing to review the denial pursuant to 18 U.S.C. § 923(f)(2). Following a hearing on October 27, 2004, the hearing officer issued a report in which he recommended that Morgan's application be denied. ATF issued its final decision denying Morgan's renewal application on July 21, 2005.

Morgan sought *de novo* judicial review of ATF's decision pursuant to 18 U.S.C. § 923(f)(3). The district court granted ATF's motion for summary judgment, concluding that ATF's reliance on Redford Township's interpretation of local zoning law was an appropriate basis for denying Morgan's renewal application.[1] *See Morgan v. United States Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives*, 473 F. Supp. 2d 756 (E.D. Mich. 2007). The court noted and rejected Morgan's argument that *de novo* review required the district court to "independently construe local zoning law" in order to make a "wholly independent inquiry whether he has satisfied the various prerequisites for license renewal. . . ." *Id*. at 765. The court explained that even if it were to assess Morgan's renewal entitlement without reference to the agency's decision, the court would reach the same result, citing the traditional federalism principle that, in ruling on matters of state law, federal courts defer to the decisions of the state's highest court and generally follow the decisions of inferior state courts unless convinced that the state's highest court would rule otherwise. *Id*. The court concluded:

> Thus, the concept of "de novo" review does not confer upon this Court the freestanding authority to decide for itself what a state or local enactment might allow or prohibit. Rather, as a starting point, at least, the Court would consult the very

---

[1]The district court addressed various other claims and theories raised by Morgan, none of which are at issue on appeal.

same source that the Defendant agency looked to in this case—namely, the local authorities.

*Id.*

Turning to the question of whether ATF proceeded appropriately in denying Morgan's renewal application on the basis of his lack of compliance with local law, the court noted that ATF has a duty to investigate whether an applicant has established entitlement to a federal firearms license by satisfying the statutory criteria, and reasoned that this duty includes ensuring the truthfulness of statements made on the applicant's firearms license. *Id.* at 763 (citing 27 C.F.R. § 478.47(a) and *Fattahi v. Bureau of Alcohol, Tobacco & Firearms*, 195 F. Supp. 2d 745, 747 n.5 (E.D. Va. 2002), *aff'd*, 328 F.3d 176 (4th Cir. 2003)). The court again rejected Morgan's contention that ATF must "independently analyze and 'confirm . . . the accuracy' of a local government official's interpretation of local law," explaining that, even assuming that no deference had to be accorded to ATF's reasoning, ATF could properly defer to the Township's interpretation of its own ordinance. "Just as this Court defers to the state courts and other relevant authorities as to issues of state and local law, the Defendant agency surely should be permitted to do so as well." *Id.* at 765-66. Finding no basis for the conclusion that ATF's chosen method of ascertaining the meaning of the Township's zoning ordinance was "unauthorized" or improper, the district court granted ATF's motion for summary judgment.

Morgan filed a motion for reconsideration, which the district court subsequently denied. Morgan now appeals, arguing that the district court erroneously applied a deferential standard of review instead of the statutorily mandated "de novo" judicial review, which, he argues, requires the district court to conduct an analysis of whether he is entitled to a license renewal without deference to the decision of ATF. Morgan suggests that, "[h]ad the Court applied the correct standard, [his] argument regarding the Township's insupportable reading of its own ordinance and the agency's absolute uncritical deference to that reading, would require a different outcome by the lower court." Appellant's Br. 6. Morgan also argues that the court erred in requiring him to establish compliance with local zoning law to obtain license renewal, in light of Morgan's interpretation of § 923(d)(1)(F) as providing a grace period for coming into compliance.

ATF appropriately relied on Redford Township's interpretation of its own zoning laws in denying Morgan's federal firearms license, and Morgan has presented no genuine issue of material fact by which he may avoid summary judgment. We therefore affirm the decision of the district court.

Although Morgan argues that the district judge accorded undue deference to ATF in light of the statutory requirement of *de novo* review, resolution of that issue is not necessary to decide this case. Assuming, without deciding, that Morgan is correct that 18 U.S.C. § 923(f)(3) requires the reviewing court to conduct "'non-deferential' review of [ATF's] decision through a review of the administrative record," we independently agree with the district court's conclusion that ATF properly denied Morgan's license renewal and is entitled to summary judgment.

To the extent Morgan argues that ATF and the federal courts are obligated independently to construe and interpret the meaning of local law, without regard to the locality's interpretation of its own law, this argument lacks merit for the reasons given by the district court. *See Morgan*, 473 F. Supp. 2d at 765-66. As the district court explained, ATF's deference to local officials was entirely appropriate in determining that Morgan is not in compliance with local law: "Just as this Court defers to the state courts and other relevant authorities as to issues of state and local law, the Defendant agency surely should be permitted to do so as well." *Id.* Of course, the Township legal opinion upon which ATF relied is not as authoritative as a state court ruling. As the district court noted, however, Morgan has failed to offer a superior method of ascertaining the meaning of

Redford Township's zoning ordinance that does not involve requiring federal courts and agencies to second-guess state and local interpretations of state and local law. Because, under the present circumstances, deferring to Redford Township's interpretation of its own law is the most appropriate way of ascertaining whether or not Morgan is in compliance with local law as required by § 923(d)(1)(F), ATF's decision to deny Morgan's license renewal would properly be affirmed under any standard of review, whether *de novo* or more deferential.

Moreover, the district court's grant of summary judgment was proper notwithstanding Morgan's novel interpretation of § 923(d)(1)(F). Morgan argues that the district court erred in construing § 923(d)(1)(F)(i) & (ii) as two separate requirements, requiring him both: (i) to be in compliance with local law at the time license renewal is sought, and (ii) to certify that he *will be* in compliance within thirty days after the application is approved and that business will not be conducted under the license until local requirements have been met. Morgan contends that (F)(i) and (F)(ii) should instead be read as alternatives, requiring him either to be in compliance at the time renewal is sought *or* to certify that he will be in compliance within thirty days. Morgan presented this argument for the first time in his motion for reconsideration, however, and the parties did not have an opportunity to brief the issue. Thus, Morgan did not preserve this issue for appeal, and the court will not entertain it. *See Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984); *Thurman v. Yellow Freight Sys., Inc.,* 97 F.3d 833, 835 (6th Cir. 1996); *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390-91 (6th Cir. 2003).

For the foregoing reasons, the district court's grant of summary judgment to ATF is affirmed.